**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOSEPH A. GARBACIK,**

        **Plaintiff,**

-vs-                                                **Case No. 6:05-cv-1148-Orl-28KRS**

**WAL-MART TRANSPORTATION, LLC,**
**MICHAEL JEFFERSON EDWARDS,**
**RONALD F. CHOMA, SHARON K.**
**CHOMA,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANTS, WAL-MART TRANSPORTATION, LLC'S AND MICHAEL JEFFERSON EDWARDS' MOTION FOR LIMITED DISCOVERY ON JURISDICTIONAL FACTS (Doc. No. 18)
>
> **FILED:** August 19, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

This case arises from injuries Plaintiff Joseph A. Garbacik sustained as a result of two separate automobile accidents. The allegations of the complaint are, in summary, that on July 14, 2001, Garbacik was involved in an automobile accident involving a motor vehicle owned by Defendant Wal-Mart Transportation, LLC ("Wal-Mart") and driven by Defendant Michael Jefferson Edwards. Subsequently, on June 25, 2003, Garbacik was injured in a second automobile accident involving a

motor vehicle owned by Defendant Ronald Choma and driven by Defendant Sharon K. Choma. Garbacik names Wal-Mart and Edwards in Count I, and the Chomas in Count II of his complaint.

Defendants Wal-Mart Transportation, LLC ("Wal-Mart") and Michael Jefferson Edwards removed this case from state court to this Court based on diversity of citizenship. They contend that the Chomas are improperly joined in the case. Once the claims against the Chomas are severed from the claims against Wal-Mart and Edwards, the removing defendants argue that complete diversity of citizenship exists. Garbacik moved to remand the case, contending that Wal-Mart and Edwards cannot prove that the two counts in the complaint are improperly joined. Wal-Mart and Edwards now ask the Court for permission to take discovery on the issue of improper joinder before responding to the motion for remand. Garbacik opposes the motion.[1]

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder can be established in three ways:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. . . . [The third is] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint,

---

[1] The complaint does not allege where Garbacik resides. However, in his answer to Wal-Mart's counterclaim, Garbacik asserts that he is a citizen and resident of the state of Florida. Doc. No. 9 ¶ 3. Garbacik's complaint alleges that Wal-Mart is a foreign corporation conducting business in Florida. Wal-Mart asserts that it is a Delaware corporation, with its principal place of business in Arkansas. Doc. No. 4 at 7. Edwards asserts that he "is not a resident of the state of Florida." Doc. No. 5 ¶ 3. The allegations regarding the citizenship of the Chomas is somewhat unclear. Garbacik alleges that the Chomas either (1) reside in Florida, (2) resided in Florida at the time of the accident but resided outside of Florida at the time the complaint was filed, or (3) resided outside Florida at the time of the accident but operated a motor vehicle in Florida. Doc. No. 1 ¶¶ 3-5.

> several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Id*. Wal-Mart and Edwards rely upon the second and third method of establishing fraudulent joinder.

Wal-Mart and Edwards argue that Garbacik's joinder of the Chomas constitutes "outright fraud" because Garbacik previously filed a complaint only against Wal-Mart and Edwards arising from the 2001 automobile accident without naming the Chomas or referring to the 2003 accident. They seek discovery on the reason for the change in the pleadings. However, the motive for adding nondiverse defendants is not, as a matter of law, relevant to the question of fraudulent joinder. The *Triggs* court stated that "Supreme Court precedent is clear that a plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant." *Id.* at 1291 (citing *Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart*, 227 U.S. 184 (1913)). Wal-Mart and Edwards allege no basis to believe that Garbacik does not intend to pursue his claims against the Chomas to judgment.

With respect to the third method of establishing fraudulent joinder, the Court must look to Florida law to determine whether there might be joint liability among the named defendants. The Florida Supreme Court has adopted the "indivisible injury rule." Under this rule, "when 'two or more causes combine to produce such a single [harm], incapable of division on any logical or reasonable basis, and each is a substantial factor in bringing about the harm, . . . each of the causes is charged with the responsibility for the entire harm.'" *Gross v. Lyons*, 763 So. 2d 276, 279 (Fla. 2000) (alteration original) (quoting Restatement (Second) of Torts § 433A(2), cmt. i (1965)). Under the indivisible injury rule, Florida law permits the joinder in one case of individuals involved in two

-3-

different automobile accidents when there is a factual dispute about whether the alleged tortfeasors contributed to plaintiff's injuries and the damages are incapable of apportionment. *See, e.g., Gross*, 763 So. 2d 276, 279 (Fla. 2000); *Lawrence v. Hethcox*, 283 So. 41, 43-44 (Fla. 1973). If, however, pretrial discovery establishes that the damages can be apportioned, the court is then required to sever the claims for trial. *See Lawrence*, 283 So. 2d at 44.

Therefore, Florida law provides for the possibility that joinder of all defendants in this case is proper. "'All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court.'" *Johnson Indus. Inc. v. Milliken & Co.*, 45 F. Supp. 2d 1308, 1311 (M.D. Ala. 1999) (quoting *Seroyer v. Pfizer, Inc.*, 991 F. Supp. 1308, 1312 (M.D. Ala. 1997), which relied upon *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Under these circumstances, the possibility that the "limited discovery" requested by Wal-Mart and Edwards may establish that the claims against these defendants should be severed is not likely to be considered a proper basis to support removal in this case. Therefore, I conclude jurisdictional discovery on the issue of fraudulent joinder is not appropriate.

**DONE** and **ORDERED** in Orlando, Florida on September 12, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties